91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHURCH OF SCIENTOLOGY INTERNATIONAL, a California Non-Profit
Religious Organization, Plaintiff-Appellant,
v.
Steve FISHMAN; Uwe Geertz, Defendants-Appellees.
 No. 94-55780.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided July 11, 1996.
 
 1
 Before: HALL and NOONAN, Circuit Judges, SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-Appellant the Church of Scientology International, ("Church"), appeals from the district court's orders denying their motions to seal, or in the alternative, strike parts of the record below. We dismiss for lack of jurisdiction.
 
 I.
 
 4
 This appeal arises from a series of post-judgment motions to seal, or in the alternative strike, parts of the record filed below. Although the chronology of the case is somewhat complex and torturous, a brief summation is relevant for the disposition of this appeal.
 
 
 5
 A. Motions to Seal, or in the Alternative Strike, Parts of the Record
 
 
 6
 On January 31, 1994, the Church filed a motion to strike, or in the alternative seal, declarations filed by Steve Fishman and Graham Berry. Pls.' Mot. to Strike or Seal dated Jan. 31, 1994. (Docket # 491). A minute order filed February 28, 1994 states that the matter was heard and taken under submission by the court. Minute Order of Feb. 28, 1994 (Docket # 545).
 
 
 7
 On March 10, 1994, the Church filed a second motion to strike or seal--this time requesting the court to seal re-created versions of the Church's confidential upper level scriptures that were included in various pleadings, declarations and exhibits submitted by defendants in the underlying action. Pls.' Mot. to Strike or Seal dated Mar. 10, 1994 (Docket # 580). In all, the Church delineated over 150 documents which it believed should be struck or sealed. (Exh. A to Mot.) A hearing on the motion was set for April 4, 1994.
 
 
 8
 Also on March 10, 1994, defendants filed a motion for costs, attorney's fees and Rule 11 sanctions against the Church. Appended to defendants' motion were a number of declarations and affidavits executed by defendants and other individuals. Defts' Mot. for Costs (Docket # 575).
 
 
 9
 On March 21, 1994, the Church filed opposition papers to defendants' motion for costs. Pls.' Opp. to Mot. for Costs (Docket # 597). In the text of the opposition papers, the Church argued that defendants had filed "5,000 pages of irrelevant, scandalous, false and largely hearsay materials in support of their motion for [fees and costs]." Id. at 2. The Church contended that "[i]t therefore is necessary for the Court once again to strike the defendants' massive and improper filing, and to sanction defendants for it." Id. at 3. The Church did not file a separate motion to strike defendants' supporting materials; it merely included its request in the body of its opposition papers.
 
 
 10
 On April 4, 1994, the district court issued an order granting in part and denying in part the motion for costs, attorney's fees and other litigation expenses. The order concludes with the following ruling: "Plaintiff's motion for continuation of confidentiality order and for sealing is denied. Insufficient justification is shown for the mass sealing order requested." Order of April 4, 1994 at 2. No specific references to any of the motions or requests to seal--i.e. the January 31 motion to seal, the March 10 motion to seal or the March 21 request to seal that was embodied in the Church's opposition brief--are included in the court's order.
 
 
 11
 B. Motions for Reconsideration and Notices of Appeal
 
 
 12
 The next day, April 5, 1994, the Church filed a motion for reconsideration of the court's April 4 order. Specifically, the Church requested reconsideration of its request to strike or seal twenty declarations appended to defendants' motion for attorneys' fees and costs. Mot. for Reconsideration dated Apr. 5, 1994 (Docket # 646, ER 125). A hearing date was set for May 2, 1994.
 
 
 13
 On April 11, 1994, the Church filed two additional pleadings: a second motion for reconsideration and an ex parte application. In this second reconsideration motion, the Church argued that the court should reverse its April 4, 1994 order regarding the church's motion to strike recreated versions of the church's upper-level scriptures. Mot. for Reconsideration dated Apr. 11, 1994 (Docket # 649). The ex parte application requested that the court seal the twenty declarations appended to defendants' pleadings until the May 2, 1994 hearing date. Ex Parte Application dated Apr. 11, 1994 (ER 208).
 
 
 14
 On April 12, 1994, the court issued a minute order denying the ex parte application to seal certain documents and denying the motion for reconsideration of the order denying sealing of various documents. Minute Order dated Apr. 12, 1994 (Docket # 703/705?) On April 13, 1994, the Church filed a notice of appeal. The notice challenges:
 
 
 15
 that portion of the Court's order entered April 4, 1994 which denied CSI's motion to seal re-created versions of plaintiff's confidential upper level scriptures and from the court's order dated April 12, 1994 denying the Church's motion for reconsideration of that portion of the April 4, 1994 order concerning the scriptures.
 
 
 16
 Not. of Appeal dated Apr. 13, 1994. The notice goes on to state that
 
 
 17
 This appeal is so limited and is not taken from any other order of this Court, including that other portion of the order entered April 4, 1994 that denied CSI's motion to strike or seal twenty of defendants' declarations in the court's file, said other portion of that order currently being subject to CSI's motion for reconsideration scheduled to be heard May 2, 1994.
 
 Id.[1]
 
 18
 On April 18, 1994, the court issued a second order again denying the ex parte application to seal documents and also denying the motion for reconsideration. In its order, the court mentioned only one reconsideration motion; it did not specify whether it was denying the April 5 reconsideration motion regarding the twenty declarations or the April 11 reconsideration motion regarding the motion to seal substantial portions of the court file.
 
 
 19
 The following day, on April 19, 1994, the court denied the Church's January 31, 1994 motion to strike certain declarations filed by defendants.
 
 
 20
 Finally, on May 18, 1994, the Church filed a second notice of appeal which challenged:
 
 
 21
 (a) the Court's order entered April 4, 1994 regarding denial of CSI's request to seal twenty (20) specified declarations in the Court's record and the Court's order entered April 18, 1994 which denied CSI's motion for reconsideration to alter the April 4, 1994 order, and to seal those 20 specified declarations in the Court's record and (b) the Court's April 19, 1994 order denying CSI's motion to strike or in the alternative to seal declarations of Steve Fishman and Graham Berry and denying CSI's motion to strike or in the alternative to seal declarations of Robert and Stacy Young.
 
 
 22
 That appeal, No. 94-55780, is currently before this court.
 
 II.
 
 23
 Following oral argument, the court requested that parties submit letter briefs discussing the question of whether the court had jurisdiction over the second appeal, No. 94-55780.
 
 
 24
 In its brief, the Church argues that it was appealing from two separate, final orders: (1) the April 12, 1994 order denying the Church's motion for reconsideration of that section of the court's April 4, 1994 order denying the motion to seal the recreated versions of upper level scriptures, and (2) the April 18, 1994 order denying the Church's motion for reconsideration of that section of the court's April 4, 1994 order denying the request to seal the twenty declarations appended to defendants' motion for costs. This second appeal also includes an appeal of the April 19, 1994 order denying the motion to strike or seal Berry's and Fishman's declarations.
 
 
 25
 However, we find that the Church's notice of appeal was defective and therefore bars jurisdiction in this matter. Pursuant to Fed.R.App.P. 4(a)(4), a notice of appeal which is filed after entry of judgment, but before disposition of a motion for reconsideration pursuant to Rule 59 or Rule 60, is ineffective until the entry of the order disposing of "the last such motion outstanding." Id.
 
 
 26
 The rule goes on to state that: "Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal." Id. (emphasis added).
 
 
 27
 Here, the Church filed two notices of appeal. The first on April 5, 1994 and the second on May 18, 1994. At the time the Church filed the April 5, 1994 notice of appeal, its motion for reconsideration was still pending. Thus, the notice of appeal was ineffective. If the Church wished to have appellate review of the April 18, 1994 order denying its motion for reconsideration, as well as review of the April 19, 1994 order, the Church should have amended its previously filed notice of appeal. Fed.R.App.P. 4(a)(4). That is, the Church should have amended its April 5, 1994 notice of appeal to include the matters that it seeks to pursue in this second appeal.
 
 
 28
 We have found no reference in the record to suggest that the Church amended its notice of appeal in conformance with Rule 4(a)(4). Absent this amendment, we read Federal Rule of Appellate Procedure 4 as precluding this second appeal; the language of the rule clearly states that appellate review "requires" amendment of a prematurely filed notice of appeal to include orders disposing of pending Rule 60 or Rule 59 motions. Moreover, it is well-established in this circuit that where a party fails to file a notice of appeal in conformance with FRAP 3(a) and FRAP 4, the court lacks jurisdiction over the appeal. Larez v. City of Los Angeles, 946 F.2d 630, 636 (9th Cir.1991); Bird v. Reese, 875 F.2d 256, 257 (9th Cir.1989).
 
 
 29
 The policy reasons supporting such a dismissal are analogous to those behind the concepts of res judicata and finality. Res judicata bars parties from relitigating issues that could have been raised in a prior proceeding. See In Re Jenson, 980 F.2d 1254, 1256 (9th Cir.1992). Here, if the Church had amended its notice of appeal properly, the first panel could have considered these issues all at once thus avoiding piecemeal appeals.
 
 
 30
 The finality doctrine, as codified by 28 U.S.C. § 1291, also prevents parsing appeals. As the Supreme Court noted in its discussion of finality, "[p]ermitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system." Firestone Tire & Rubber Co. v. Rijsord, 449 U.S. 368, 374 (1980). Such a rule also prevents "the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." Id.
 
 
 31
 By pursuing two separate appeals the Church attempts to get two bites at the apple. We believe that such tactics fly in the face of Federal Rule of Appellate Procedure 4. Accordingly, because the Church failed to amend properly its first notice of appeal, we DISMISS this case for lack of jurisdiction and ORDER the mandate to be spread immediately.
 
 
 
 *
 Hon. William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 4, 1994, the Church submitted a motion to expedite this appeal, designated as No. 94-55443. The motion was granted and on August 30, 1994, the panel in that appeal issued a memorandum disposition remanding the matter so the district court could make factual findings as to why it decided not to seal the record. Church of Scientology, Inc. v. Fishman, No. 94-55443 (9th Cir. Aug. 30, 1994)